UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Naftali Konigsberg, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br>-v.-<br>The CBE Group, Inc.,<br><br>      Defendant(s). | CASE NO.: 7:22-cv-1044<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

Plaintiff Naftali Konigsberg (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against The CBE Group, Inc. (hereinafter "Defendant CBE"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant CBE is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1309 Technology PKWY, Cedar Falls, Iowa 50613.

9. Upon information and belief, Defendant CBE is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant CBE sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Verizon Wireless;

    d. including a "total amount of non-interest charges or fees accrued since charge-off" greater than zero;

    e. without providing any explanation for its right to charge such an amount;

    f. or advising the consumer as to whom the non-interest charge or fee was owed;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant CBE's and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant CBE's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692f and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

   is whether the Defendant CBE's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, 1692f and §1692g.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant CEB's common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 26, 2021, an obligation was allegedly incurred to Verizon Wireless ("Verizon").

21. The Verizon obligation arose out of transactions used primarily for personal, family or household purposes, specifically a personal cell phone.

22. The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Verizon contracted with the Defendant CBE to collect the alleged debt.

25. Defendant CBE collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 26, 2021 Collection Letter*

26. On or about March 26, 2021, Defendant CBE sent the Plaintiff an initial written communication (the "Letter") seeking to collect an alleged debt. See Letter attached hereto as Exhibit A.

27. Plaintiff maintains that he does not owe the subject debt.

28. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor 15 U.S.C. § 1692g(a).

29. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

30. This letter contains the "G-Notice" but it is completely overshadowed by the deceptive accounting of the debt in the letter.

31. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. EQUIFAX A.R.S.*, 74 F. 3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Russell*, 74 F. 3d at 34.

32. The letter states in part as follows:

| | |
|---|---|
| Total Amount Due as of Charge-Off | $107.07 |
| Total Amount of Interest Accrued Since Charge-Off | $0.00 |
| Total Amount of Non-Interest Charges or Fees Accrued Since Charge Off | $16.06 |
| Total Amounts of Payments Made on Account Since Charge-Off | $0.00 |
| Total Amount Due | $123.16 |

33. There is no explanation regarding the source of the "non-interest charges or fees".

34. Defendant is not permitted by law or contract to charge Plaintiff $16.06 in non-interest charges or fees.

35. Defendant did not identify the party to whom the $16.06 total was owed; the creditor, itself, or a prior debt collector.

36. Furthermore, there is no statement or explanation as to whether or not future "non-interest charges or fees" may be applied to the account, nor a statement of whether or not they will be "credited" as well.

37. Defendant failed to advise the Plaintiff that the balance due against the Plaintiff would increase. Defendant also failed to advise the Plaintiff as to the nature of any balance increase. For example, there was no warning that if Plaintiff failed to repay the debt in full by a particular date, the balance would increase due to the accrual of interest, additional fees or otherwise.

38. Defendant made it appear that on its own, it charged Plaintiff a total of $16.06 in non-interest charges or fees.

39. However, prior to receiving the subject letter, on or about December 18, 2020, Plaintiff received a letter from a non-party debt collector regarding the same Verizon account.

40. In the prior letter (attached as Exhibit B), the Account Summary states:

| | |
|---|---|
| Charged-Off balance: | $107.07 |
| Since Charge-off Interest Accrued: | $0.00 |
| Since Charge-off Charges and Fees | $0.00 |
| Since Charge-off Payments: | $0.00 |
| Principal Due: | $107.07 |
| Collection Charge Due: | $10.70 |

41. As Plaintiff was already charged a collection charge by a prior debt collector, Defendant was not entitled to impose an additional charge and present the new charge as if it were its own.

42. Upon information and belief, Verizon shared the collection fee information with Defendant after Verizon recalled and reassigned the subject account from a prior debt collector to Defendant.

43. The deceptive, confusing and misleading breakdown of the current balance renders the spirit of the G-Notice ineffective and completely overshadows same.

44.     Defendant CBE failed to provide Plaintiff, a consumer, with a proper initial communication letter which does not overshadow Plaintiff's rights under the FDCPA.

45.     In its contract with Verizon Wireless, Defendant was not permitted to assess any additional fees for any payment method without the prior written approval of Verizon. Upon information and belief, Defendant did not have Verizon's approval to charge Plaintiff the collection fee charged.

46.     In the alternative, if Defendant was permitted to charge an additional collection fee, Defendant failed to advise the consumer that subsequent debt collectors could also impose additional collection fees.

47.     Upon information and belief, Verizon has the unilateral right to close and request the immediate return of, with or without cause, any account placed for collection with Defendant.

48.     Despite knowing that Verizon Wireless retained its control to terminate their agreement with Defendant, Defendant did not advise Plaintiff that future debt collectors could impose additional collection fees.

49.     Moreover, as per its contract with Verizon Wireless, any such fee assessed must be clearly identified to the consumer as a fee owed to the debt collector, rather than a fee owed to Verizon. Defendant failed to properly identify the proper party to whom the collection fee was due.

50.     As per its contract with Verizon, fees added by Defendant were not permitted to increase the Verizon account balance. Defendant improperly increased the account balance on the subject letter.

51. As a result of Defendant's improper debt collection practices, Plaintiff was charged an amount Defendant is not legally entitled to charge. Defendant's presentation of the subject charge was false, deceptive and improper.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant CBE's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant CBE violated this section by use of deceptive, confusing and misleading statements regarding the true balance of the debt.

56. By reason thereof, Defendant CBE is liable to Plaintiff for judgment that Defendant CBE's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant CBE's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendant CBE violated this section by use of deceptive, confusing and misleading statements regarding the true balance of the debt.

61. By reason thereof, Defendant CBE is liable to Plaintiff for judgment that Defendant CBE's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. Defendant CBE's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65. Specifically, under § 1692f(1) a debt collector is barred from collecting any amount, including any interest, fee, charge, or expense unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

66. Defendant was not permitted to charge $16.06 in non-interest charges or fees accrued since charge-off, and thereby violated § 1692f by attempting to do so.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

67. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

68. Defendant CBE's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. §1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1. The amount of the debt;

    2. The name of the creditor to whom the debt is owed;

    3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70. Defendant CBE violated 15 U.S.C. §1692g by failing to clearly communicate the amount of the debt allegedly owed by Plaintiff.

71. By reason thereof, Defendant CBE is liable to Plaintiff for judgment that Defendant CBE's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Naftali Konigsberg, individually and on behalf of all others similarly situated, demands judgment from Defendant The CBE Group, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 7, 2022

Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
1 University Plaza, Suite 620
Hackensack, NJ 07601
Ph: 201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*